AO 241 (Rev. 09/17)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: |
|---|---|

| Name (under which you were convicted): SHEAN ELKINS | Docket or Case No.: 2 20CV2934 |
|---|---|

| Place of Confinement : CHILLICOTHE CORRECTIONAL INST. P.O. Box 5500 CHILLICOTHE OHIO 95601 | Prisoner No.: 6787 |
|---|---|

| Petitioner (include the name under which you were convicted) SHEAN ELKINS | Respondent (authorized person having custody of petitioner) v. WARDEN, CHILLICOTHE CORRECTIONAL INST. |
|---|---|

| The Attorney General of the State of: OHIO | |
|---|---|

**PETITION**

1.     (a) Name and location of court that entered the judgment of conviction you are challenging:

FRANKLIN COUNTY COURT OF COMMON PLEAS
345 S. HIGH ST COLUMBUS OHIO 43215

    (b) Criminal docket or case number (if you know): 12CR3378

2.     (a) Date of the judgment of conviction (if you know): 3-22-13

    (b) Date of sentencing: SDA

3.     Length of sentence: 22 YEARS

4.     In this case, were you convicted on more than one count or of more than one crime? ☒ Yes ☐ No

5.     Identify all crimes of which you were convicted and sentenced in this case: RAPE 2907.02

6.     (a) What was your plea? (Check one)

        ☐ (1) Not guilty      ☐ (3) Nolo contendere (no contest)

        ☒ (2) Guilty         ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?  COUNT 1, 2, 3, 21  ALL OTHERS

NOLLE PROSEQUI

ILSON

(c) If you went to trial, what kind of trial did you have? (Check one)

   ☐ Jury  ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

   ☐ Yes  ☒ No

8. Did you appeal from the judgment of conviction?

   ☒ Yes  ☐ No

9. If you did appeal, answer the following:

(a) Name of court: TENTH DISTRICT COURT OF APPEALS

(b) Docket or case number (if you know): 13AP - 325

(c) Result: DENIED

(d) Date of result (if you know): 2-6-14

(e) Citation to the case (if you know): 13AP - 325

(f) Grounds raised: SEXUAL PREDATOR STATUS

(g) Did you seek further review by a higher state court? ☐ Yes ☒ No

  If yes, answer the following:

  (1) Name of court:

  (2) Docket or case number (if you know):

  (3) Result:

AO 241 (Rev. 09/17)

    (4) Date of result (if you know): _____

    (5) Citation to the case (if you know): _____

    (6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☒ No

    If yes, answer the following:

    (1) Docket or case number (if you know): _____

    (2) Result: _____

_____

    (3) Date of result (if you know): _____

    (4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☒ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: TENTH DISTRICT COURT OF APPEALS

        (2) Docket or case number (if you know): 19AP-234

        (3) Date of filing (if you know): 4-9-19

        (4) Nature of the proceeding: DELAYED DIRECT APPEAL

        (5) Grounds raised: INEFFECTIVE ASSISTANCE OF COUNSEL,

        BRADY VIOLATION

_____

_____

_____

_____

_____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes ☒ No

    (7) Result: _____

AO 241 (Rev. 09/17)

        (8) Date of result (if you know): _____

    (b) If you filed any second petition, application, or motion, give the same information:

        (1) Name of court: _____

        (2) Docket or case number (if you know): _____

        (3) Date of filing (if you know): _____

        (4) Nature of the proceeding: _____

        (5) Grounds raised: _____

               _____

               _____

               _____

               _____

               _____

               _____

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

          ❏   Yes       ❏   No

        (7) Result: _____

        (8) Date of result (if you know): _____

    (c) If you filed any third petition, application, or motion, give the same information:

        (1) Name of court: _____

        (2) Docket or case number (if you know): _____

        (3) Date of filing (if you know): _____

        (4) Nature of the proceeding: _____

        (5) Grounds raised: _____

               _____

               _____

               _____

               _____

               _____

               _____

               _____

AO 241
(Rev. 01/15)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    Yes    Ⓝ No

(2) Second petition:  ☒ Yes   ☐ No

(3) Third petition:   ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**    VIOLATION OF BRADY V MARYLAND

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

SEE MERIT BRIEF ATTACHED

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why:

_____

_____

_____

_____

AO 241 (Rev. 09/17)

    (c)      **Direct Appeal of Ground One:**

          (1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

          (2) If you did not raise this issue in your direct appeal, explain why: _____

          _____

          _____

**(d) Post-Conviction Proceedings:**

          (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

               ☐ Yes    ☒ No

          (2) If your answer to Question (d)(1) is "Yes," state:

       Type of motion or petition: _____

       Name and location of the court where the motion or petition was filed: _____

       _____

       Docket or case number (if you know): _____

       Date of the court's decision: _____

       Result (attach a copy of the court's opinion or order, if available): _____

       _____

       (3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

       (4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

       (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

       (6) If your answer to Question (d)(4) is "Yes," state:

       Name and location of the court where the appeal was filed: _____

       _____

       Docket or case number (if you know): _____

       Date of the court's decision: _____

       Result (attach a copy of the court's opinion or order, if available): _____

       _____

       (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

       _____

       _____

       _____

       _____

AO 241
(Rev. 01/15)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:** VIOLATION OF STRICKLAND V WASHINGTON

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

SEE MERIT BRIEF ATTACHED

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

AO 241
(Rev. 01/15)

Page 9

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?            ☐ Yes      ☐ No

(4) Did you appeal from the denial of your motion or petition?       ☐ Yes      ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : _____

_____

_____

**GROUND THREE:**        VIOLATION OF HILL V LOCKHART

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

SEE MERIT BRIEF ATTACHED

_____

_____

_____

_____

AO 241
(Rev. 01/15)

Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241
(Rev. 01/15)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241
(Rev. 01/15)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?            ☐ Yes     ☐ No

(4) Did you appeal from the denial of your motion or petition?       ☐ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Four:

_____

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

13.　Please answer these additional questions about the petition you are filing:

(a)　Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☐ Yes ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

(b)　Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

_____

_____

_____

14.　Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

_____

_____

_____

_____

_____

_____

15.　Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: N/A

(b) At arraignment and plea: N/A

(c) At trial: MICHELE KAZAR 373 S. HIGH ST. COLUMBUS OHIO 93215

(d) At sentencing: SAA

(e) On appeal: TIMOTHY E PIERCE 250 E. LONG ST. COLUMBUS OHIO 43215

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241
(Rev. 01/15)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 01/15)

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: REMAND FOR MOTION TO DISCHARGE HEARING

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 4-1-2020 (month, date, year).

Executed (signed) on 4-1-2020 (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

JAILHOUSE LAWYER - PRISON LOCKED DOWN DUE TO COVID-19

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

Shean Elkins,

    Petitioner,

- VS -

Warden, Chillicothe
Correctional Institution,
    Respondent.

### MERIT BRIEF OF SHEAN ELKINS

    Now comes petitioner Shean Elkins including a merit brief
with his initial Habeas Corpus filing.

## PROCEDURAL HISTORY

According to discovery documents (not on the record), the Franklin County Children's Services Department (Hereafter "FCCS") referred a child abuse case to a Det. Tucker #2056 in 2004, and the claim was "unsubstantiated", see Doc.# A028, (not part of the record), attached herein.

Pursuant to Blendon Township Police Department (Hereafter "BTPD") Document # A026, (not part of the record), attached herein, Yvette Elkins made claims of sexual abuse against her two (2) daughters on February 25, 2012. Officer Nance (Hereinafter "Nance") gave Yvette blank witness forms for her daughters to fill out.

On February 27, 2012 Yvette returned the statements to Nance and filed a statement herself.

On February 29, 2012 Nance informed Yvette that he had no jurisdiction and that he would forward the information to Columbus Police (hereinafter "CPD").

Petitioner has never seen these statements.

On March 30, 2012 CPS filled out a Criminal Investigative Summary, See Doc.# A010, 3 pages, (not part of the record), attached herein. This summary establishes Det. Haynes as primary investigator. This summary establishes Det. Kirby downloaded text messages from Yvette's phone. Petitioner has never seen these text messages.

This summary establishes Det. Sprague assisted in a "controlled call". Petitioner has not heard this call.

On May 2, 2012 two (2) complaint/arrest warrants were issued for Petitioner, See Doc. # A018, A019, Municipal Court Record, attached herein, for one (1) count of Rape and one (1) count of Sexual Battery.

Petitioner was living in Florida, so extradition papers were issued. Petitioner returned to Ohio on June 2, 2012 See Doc. # A021, Municipal Court Record, attached herein.

(1)

Petitioner was indicted on July 6, 2012 on twenty-three (23) counts, See Doc.
# A001 CPC Record 58032-K16 through K26.

Petitioner was appointed Michelle Kazar (Hereinafter "Kazar") from the
Franklin County Public Defender's Office, 373 S. High St. Columbus, Ohio 43215.

Kazar filed "Demand for Discovery" on July 16, 2012, See Doc. # D014, CPC
Record 58045-D87 through D91, attached herein. Request #5, Page 3 of Demand
requested "evidence favorable to Defendant, #7 requested witness statements.

On July 19, 2012 the Prosecutor (Hereinafter "The State") provided "identi-
fication of discovery provided". The two (2) main items were "recorded statements
of defendant" and "written or recorded statements by witnesses in the State's
case in chief". Petitioner never received any of the items on the State's list.

On September 5, 2012 the State filed supplemental discovery, See Doc. # D020
CPC Record 58075-T75 & T76 where the additions of "(1) CD copy of controlled call"
and "(2) CD copy of text messages", Petitioner never received any of this
evidence.

On September 11, 2012 the State filed an additional supplemental discovery,
See Doc. # D026 CPC Record 58080-P25 & P26 attached herein, where the addition of
"(1) DVD copy of interview of defendant" was provided. Petitoner never received
this evidence.

On September 25, 2012 both parties agreed to an extension of time, See Doc.
# D028/029 CPC Record 58084-K20 attached herein, from September 25, 2012 to
November 27, 2012.

On December 4, 2012, both parties agreed to another extension of time, See
Doc. # D039/040 CPC Record 58122-S47, attached herein, from November 7, 2012 to
January 29, 2013.

On January 31, 2013 both parties agreed to a final extension of time, See
Doc. # D048/049 CPC Record 58152-S19 attached herein, from January 29, 2013 to
March 13, 2013.

(2)

On March 20, 2013 a Plea Agreement was reached, based on Kazar's advice, See Doc. # D057 CPC Record 58189-M52 through M54, attached herein.

Petitioner was sentenced and he appealed through court appointed counsel advancing only one assignment of error:

"The lower Court's determination that Appellant meets the criteria for sexual predator status is not supported by the weight of the evidence".
See Doc. # D077 COA OA126-R71 through R78 Case No. 13AP-325. On February 6, 2014 this Court affirmed the sentence.

No appeal followed.

In 2018, Petitioner had requested documents from Municipal Court, Court of Common Pleas, Court of Appeals, as well as discovery from Kazar. After reviewing Petitioner's legal standing and the appropriate case law, Petitioner raises three (3) assignments of error.

(3)

ASSIGNMENT OF ERROR I:

The State of Ohio is in violation of United States Supreme Court ruling of
Brady v. Maryland 373 U.S. 83, 83 S.Ct. 1194, by witholding evidence favorable
to Petitioner.

ASSIGNMENT OF ERROR II:

Defense Counsel was in violation of the United States Supreme Court ruling
of Strickland v. Washington 466 U.S. 668, 104 S.Ct. 2052, where counsel failed
to file a motion for discharge.

ASSIGNMENT OF ERROR III:

Defense Counsel was in violation of the United States Supreme Court ruling
of Hill v. Lockhart 474 U.S. 52, 106 S.Ct. 366 where counsel advised Petitioner
to plead guilty.

(4)

## MEMORANDUM IN SUPPORT

ASSIGNMENT OF ERROR I

The State of Ohio is in violation of United States Supreme Court ruling of Brady v. Maryland 373 U.S. 83, 83 S.Ct. 1194, by witholding evidence favorable to Petitioner.

Through the State's discovery disclosure and two (2) supplemental discovery filings, Petitioner can ascertain that the State had the following evidence:

1) Witness statements

2) Statement of Defendant

3) Text messages

4) Controlled call

See Doc. # d016, D020, D026 attached herein. Petitioner, in his discovery from Kazar did not receive any of these items, see affidavit of Shean M. Elkins attached herein.

Petitioner's demand for discovery included each of these types of evidence, See Doc. # D014. The witness statements fall under Crim. R. 16(B)(2), the statement of Defendant falls under Crim.R. 16(B)(1), as well as 16(B)(5) as evidence favorable to Defendant. The text messages and controlled call both fall under "tangible objects" under Crim.R. 16(B)(3).

Although the State made the comment:

"'Counsel Only' material has been designated on this case".

There is no record within the Clerk's possession that will show "what" was designated "Counsel Only", therefore, everything listed in all three State filed documents is discoverable.

The only conclusion Petitioner can draw, without viewing the witheld evidence, is that the evidence is exculpatory to Petitioner. To establish this pattern, Petitioner knows for certain that the "DVD of Defendant's interview" has nothing inculpatory, because after Miranda was read, he requested a lawyer be present and

(5)

the interview ended. So why counsel only?

In 2012 the Ohio General Assembly overwrote Criminal Rule 16(C) in order
to create the "Counsel Only" rule:

> "The Prosecuting Attorney may designate any material subject to disclosure
> under this rule as "Counsel Only" by stamping a prominent notice on each
> page or thing so designated. "Counsel Only" material also includes
> materials ordered disclosed under division (F) of this rule. Except as
> otherwise provided, "Counsel Only" material may not be shown to the
> <u>defendant</u> or <u>any other person</u>, but may be disclosed only to defense
> counsel or agents or employees of defense counsel, and may not otherwise be
> reproduced, copied, or disseminated in any way. Defense counsel may orally
> communicate the content of the "Counsel Only" material to Defendant".
> (Emphasis by Petitioner)

Case law is very limited on "Counsel Only" material, but in reading the plain

language of the statute, only the defense counsel is allowed to view the "Counsel

Only" evidence. This would preclude the trial judge, appeals judges, and most

importantly, the jury from reviewing "Counsel Only" material.

So why would the State prevent the trial jury from reviewing evidence that is

allegedly inculpatory to a defendant? Because the evidence is not inculpatory, but

exculpatory. If you have no critical evidence that a jury can use to convict, hide

it behind "Counsel Only" and now the defendant is prevented from defending himself

and from requesting an acquittal. This violates due process as well as <u>Brady v.</u>

<u>Maryland,</u> Supra.

If the "purpose, scope, and reciprocity"under Crim.R. 16(D) is to be obeyed,

then the designation of the State's evidence in chief fails the requirement totally:

> "(A) This rule is to provide all parties in a criminal case with the
> information necessary for a <u>full and fair</u> adjudication of the facts, to
> protect the integrity of the justice system, and the rights of
> defendants..."
> (Emphasis added by Petitioner)

The facts stated herein violate <u>Brady</u>, Supra. because "Counsel Only" designations

withold evidence necessary for a full defense.

> "The court held that supression of evidence favorable to an accuesd upon
> request violated the Due Process Clause of the U.S. Constituion's 14th
> Amendment, where the evidence was material to guilt or punishment,
> regardless of the State's good or bad faith".

(6)

There is absolutely no criteria in which to control the abuse of "Counsel Only", unlike "non-disclosure" under Crim.R. 16(D), which requires a court to order non-disclosure. With the designation of all evidence favorable to Petitioner, the State violated Brady, Supra. and Petitioner's conviction must be overturned and the evidence disclosed to Petitioner so he may receive a fair trial, or to permit him the ability to plead acquittal.

ASSIGNMENT OF ERROR II

Defense Counsel was in violation of the United States Supreme Court ruling of Strickland v. Washington 466 U.S. 668, 104 S.Ct. 2052 when Counsel failed to file a motion for discharge.

In this assignment of error, Petitioner will establish that his speedy trial rights were violated, and that Kazar failed to preserve this right by failing to file a motion for discharge.

"An Appellant's failure to file a motion to dismiss on speedy trial grounds prior to trial and pursuant to R.C. 2945.73(B) prevents him from raising the issue on appeal".

State v. Taylor 98 Ohio St. 3d 27, 2002-Ohio-7017, 781 N.E. 2d 72 @37

State v. Thompson 97 Ohio App 3d 183, 446 N.E. 2d 499

> "The plain language of the statute states that the proper method of raising this issue is 'upon motion made at or prior to the commencement of trial', R.C. 2945.73(B). It is this motion that triggers the prosecutor's duty to produce evidence, which negates the defendant's assertion that his trial has been too long delayed". Thompson, Supra. at **502

On normal occasions, this failure would prevent review of a failure to discharge due to speedy trial violations. However, a line of case law provides that failure to file a motion to discharge can provide the "Deficient Performance" prong of Strickland, Supra.

> "[*P15] When a claim of ineffective assistance of counsel is based on counsel's failure to file a particular motion, the appellant must show that the motion had a reasonable probability of success".

> "[*P17] This court, however, has recognized that allowing  a defendant to enter a guilty plea after speedy trial time had expired would amount to ineffective assistance of counsel, and thus, could affect the knowing and voluntary nature of the plea". State v. Matland 2010-Ohio-6585, citing: State v. Heverly 2010-Ohio-1005 @ P10

> "Where the trial attorney permitted the defendant to execute a waiver of his speedy trial rights and later admitted that she was unaware that the time limit had run, counsel's failure to move for dismissal strays outside the range of reasonable assistance". State v. Gray 2007-Ohio-4549 @ P21

In order to comply with Strickland, Supra. Petitioner must meet both the

(8)

"Deficient Performance" prong and the "Prejudice" prong, as well as "Meritorious Claim" under Matland, Supra. Therefore, Petitioner will do the time frame as if the trial court would do upon a motion to discharge.

TIME FRAME

Two complaints were filed on May 2, 2012 See Doc. # A018, A019 Municipal Record attached herein. The complaints establish Petitioner was living in Florida at the time.

Petitioner was extradited to Ohio and returned on June 2, 2012. See Booking Sheet, Doc. # A021 Municipal Record, attached herein. All calculations start from June 2, 2012.

Petitioner's arraignment was June 24, 2012 and bail was set, but Petitioner could not afford it, therefore R.C. 2945.71(E) applies.

Petitioner was indicted on July 6, 2012. This is a delay of thirty-four (34) days from the date of booking, See Doc. # D001 CPC Record 58032-K16 through K26. Neither the Municipal nor Common Pleas Court establishes any documentation as to a reason for delaying the indictment beyond the ten (10) day requirement.

On July 16, 2012 Defense Counsel filed for discovery. See Doc. # D014 CPC Record 58045-087 through D91. This is ten (10) days after indictment, therefore forty-four (44) days have elapsed.

On July 19, 2012, the State filed its answer. See Doc. # D016 CPC Record 58047-D98/D99, attached herein. This three (3) day difference is applied to the State. Petitioner continues to rest at forty-four (44) days.

The docket indicates that the next tolling event was filed on September 25, 2012. See Doc. # D028/D029 CPC Record 58084-K20/K21. This tolling event comes twenty-one (21) days after the speedy trial clock expired.

With all of the exemptions, Petitioner's speedy trial right was over on September 4, 2012. The extension of time of September 25, 2012 is twenty-one (21) days after expiration, and yet the State and Kazar continued with the case for an

(9)

additional one hundred-ninety-seven (197) days beyond September 4, 2012.  Although extension waivers were filed, Petitioner's argument ends at September 4, 2012.

Pursuant to <u>Matland</u>, Supra. a motion to discharge would have been meritous, and Counsel Kazar did not have a clue, or she would not have allowed three (3) extensions of time.

Counsel Kazar was deficient pursuant to Strickland, and Petitioner is serving a twenty-two (22) year sentence based upon Kazar's ineffective advice.

Petitioner's conviction must be vacated so that the State may introduce evidence to negate the claim of speedy trial violation.

(10)

ASSIGNMENT OF ERROR III

Defense counsel was in violation of the United States Supreme Court ruling of Hill v. Lockhart 474 U.S. 52, 106 S.Ct. 366 when Counsel advised Petitioner to plead guilty.

When the United States Supreme Court rendered its decision in Strickland v. Washington, Supra., it applied solely to defendants that had a trial. The same Court then rendered the decision of Hill v. Lockhart, Supra., that applied the Strickland standard to plea agreements.

"The two part Strickland test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the test is nothing more than a restatement of the standard of attorney competence. The second, or "Prejudice" requirement on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "Prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, Supra. [HN5]

This assignment is a branch-off from the Brady violation. The State withheld all exculpatory evidence behind the guise of "Counsel Only" material, and Kazar knew this. Not only did Kazar know this suppression, she was complicit. Kazar never notified Petitioner of any evidence, never discussed a trial strategy, and most certainly never told him that a jury would not be allowed to see any evidence. Kazar sold Petitioner's conviction to the State.

In Hill, the Petitioner claimed his counsel "misinformed" him. In the present case, Counsel withheld the knowledge of "Counsel Only" material, and its ramifications if there was to be a trial. This is deficient performance. No counsel can be "effective" when it contrives to hide crucial information that a defendant must have in order to make his or her decision on how best to judge his circumstances.

The "Prejudice" requirement under Hill requires Petitioner to establish a

(11)

"reasonable probability" that absent counsel's error, he would have insisted on going to trial.

Nobody in their right mind would accept a plea agreement if his counsel said the following:

"You've been indicted for aggravated murder but I've spoken to the prosecutor, he has no body, no weapon, and no witnesses, what would you like to do?"

To plead to that scenario is simply ludicrous, unless counsel leads you to believe otherwise; especially if counsel did not provide you with discovery or any other documentation.

Would the Petitioner have pled guilty had Kazar said the following:

"The State has evidence against you, but they designated it "Counsel Only" and because of that, they have no case."

Once again, it would be ludicrous to plead to a statement like that.  Had Kazar notified Petitioner of the State's suppression, he would never had pled guilty!

(12)

CONCLUSION

With the State's suppression of evidence that could not incriminate Petitoner, Brady v. Maryland was violated. With Kazar's collusion in this suppression, and giving ineffective advice to Petitioner, Hill v. Lockhart was violated. Lastly, with Kazar's deficient performance in failing to file a motion to discharge, Strickland v. Washington was violated.

With the violations listed herein, Petitioner's plea agreement must be vacated.

Respectfully submitted,

Shean M. Elkins
# 678757
Chillicothe Correctional Inst
P.O. Box 5500
Chillicothe, Oh 45601-0990

(13)

IN THE COURT OF APPEALS
TENTH DISTRICT
FRANKLIN COUNTY, OHIO

STATE OF OHIO

VS.

Shean M. Elkins                                    CPC Case No. 12CR3378

AFFIDAVIT OF SHEAN M. ELKINS

I, Shean M. Elkins, being first duly cautioned and sworn, state that I have

personal knowledge of the facts contained in this Affidavit and that I am competent

to testify to the matter stated herein, and state the following:

As Petitioner's Trial Counsel, the only items of discovery that Michelle

Kazar provided me are as follows:

| Document | Pages |
|---|---|
| Indictment | 10 |
| Interview Summary #1 | 1 |
| Interview Summary #2 | 1 |
| CPD photo and info | 1 |
| CPD multi-photo | 2 |
| Attorney General "Personal Detail" | 2 |
| Attorney General "Record Info" | 2 |
| CPD Criminal Investigation Summary #1 | 5 |
| CPD Criminal Investigation Summary #2 | 3 |
| CPD "Preliminary Investigation" | 4 |
| CPD Summary Haynes | 2 |
| Miranda | 1 |
| CPD Address info | 2 |
| Extradition waiver | 1 |
| Florida Sheriff report | 2 |
| Florida complaint | 1 |
| Ohio Complaint #1 | 1 |
| Ohio Complaint #2 | 1 |
| Arraignment | 1 |
| Booking sheet | 1 |
| BSO Pics (Photo) | 2 |
| Prisoner receipt | 2 |
| Medication receipt | 1 |
| Deanna Moore email | 2 |
| Blendon Township notes | 4 |
| Blendon Township fax sheets | 1 |
| Juvenile bureau summary | 1 |

Multiple copies of each were provided. Never have I received any information
that was in possesion of the State.

(1)

AFIDAVIT OF SHEAN M. ELKINS (Continued)

Shean M. Elkins
# 678757
Chillicothe Correctional Inst.
P.O. Box 5500
Chillicothe, Oh 45601-0990

Sworn to before me and subscribed in my presence on this 6th day of April,
2019.

Notary Public

My Commision Expires

(2)

COLUMBUS DIVISION OF POLICE
INVESTIGATIVE SUBDIVISION
CRIMINAL INVESTIGATION SUMMARY

DATE: March 30, 2012
CASE FILE NO. 143-12

| DEFENDANT<br>**SHEAN M. ELKINS** | SEX<br>Male | RACE<br>White | DOB<br>01/08/1969 | ID |
|---|---|---|---|---|
| ADDRESS<br>200 S.W. 8th Street, #5, Pompano Beach, Florida | | ZIP<br>33060 | SSN | |
| E-MAIL ADDRESS | | | | |
| CHARGE(S)<br>Rape—Child Under 13, 2907.02(A-1B), F-1; Sexual Battery, 2907.03(A-5) F-3 | | | O.R.<br>12208450CPD | |
| OFFENSE LOCATION<br>2595 Northwold Road, Columbus, Ohio 43215 | | | DATE & TIME OF ARREST<br>05/04/2012   5:40 p.m. | |
| EVIDENCE SEIZED | | | PROPERTY NUMBER | |
| RECORDED? Yes | TYPE OF RECORDING: DVD | | PROPERTY #: | |

| DEFENDANT | SEX | RACE | DOB | ID |
|---|---|---|---|---|
| ADDRESS | | ZIP | SSN | |
| E-MAIL ADDRESS | | | | |
| CHARGE(S) | | | O.R. | |
| OFFENSE LOCATION | | | DATE & TIME OF ARREST | |
| EVIDENCE SEIZED | | | PROPERTY NUMBER | |
| RECORDED? | TYPE OF RECORDING: | | PROPERTY #: | |

| DEFENDANT | SEX | RACE | DOB | ID |
|---|---|---|---|---|
| ADDRESS | | ZIP | SSN | |
| E-MAIL ADDRESS | | | | |
| CHARGE(S) | | | O.R. | |
| OFFENSE LOCATION | | | DATE & TIME OF ARREST | |
| EVIDENCE SEIZED | | | PROPERTY NUMBER | |
| RECORDED? | TYPE OF RECORDING: | | PROPERTY #: | |

I-20.125

WITNESSES: (POLICE)

| NAME | RANK | BADGE/IBM | |
|---|---|---|---|
| **Det. R. Haynes** | P.O. | #2146 | |
| ASSIGNMENT | DAYS OFF | WATCH | O.R. |
| 933D Sexual Assault Unit-D | S/M | 2nd | 12208450CPD |
| E-MAIL ADDRESS ▓▓▓▓▓▓▓▓; Telephone: ▓▓▓▓▓▓ Fax ▓▓▓▓ | | | |
| EXPECTED TESTIMONY | | | |
| Primary Investigator. | | | |

| NAME | RANK | BADGE/IBM | |
|---|---|---|---|
| **Det. Zane Kirby** | P.O. | #274 | |
| ASSIGNMENT | DAYS OFF | WATCH | O.R. |
| Exploited Children Unit | W/T | 2nd | 12208450CPD |
| E-MAIL ADDRESS ▓▓▓▓▓▓; Telephone: ▓▓▓▓▓ Fax 6▓▓▓▓ | | | |
| EXPECTED TESTIMONY | | | |
| Downloaded text messages on Yvette Elkins' cell phone. | | | |

| NAME | RANK | BADGE/IBM | |
|---|---|---|---|
| **Det. Jason Sprague** | P.O. | #1891 | |
| ASSIGNMENT | DAYS OFF | WATCH | O.R. |
| 935D Sexual Assault Unit-D/E | S/M | EMW | 12208450CPD |
| E-MAIL ADDRESS ▓▓▓▓▓; Telephone: ▓▓▓▓▓; Fax ▓▓▓▓ | | | |
| EXPECTED TESTIMONY | | | |
| Assisted in the controlled phone call. | | | |

| NAME | RANK | BADGE/IBM | |
|---|---|---|---|
| | | | |
| ASSIGNMENT | DAYS OFF | WATCH | O.R. |
| | | | |
| E-MAIL ADDRESS | | | |
| EXPECTED TESTIMONY | | | |

| NAME | RANK | BADGE/IBM | |
|---|---|---|---|
| | | | |
| ASSIGNMENT | DAYS OFF | WATCH | O.R. |
| | | | |
| E-MAIL ADDRESS | | | |
| EXPECTED TESTIMONY | | | |

I-20.125

If the victim or witness identified the defendant, state: How (at scene, line-up, photo, etc.); When (date, time, etc.); Where (arrest scene, home, etc.)

Witnesses: (Civilian)

| NAME<br>Cynthia M. Elkins | | PHONE (HOME) | PHONE (WORK) |
|---|---|---|---|
| ADDRESS | | SEX<br>Female | AGE<br>20 |
| E-MAIL ADDRESS | | | |
| PLACE OF EMPLOYMENT | | RELATIONSHIP TO DEFENDANT<br>Biological daughter | |
| EXPECTED TESTIMONY<br>Victim of crime. | | | |
| COMMENTS | TAPE<br>Yes | TYPE OF TAPE<br>Audio CD | PROPERTY NUMBER |

| NAME<br>Yvette M. Elkins | | PHONE (HOME) | PHONE (WORK) |
|---|---|---|---|
| ADDRESS | | SEX<br>Female | AGE<br>49 |
| E-MAIL ADDRESS | | | |
| PLACE OF EMPLOYMENT<br>COTA | | RELATIONSHIP TO DEFENDANT<br>Ex-wife | |
| EXPECTED TESTIMONY   Biological mother of victim.  Had text conversations with the suspect about sexually assaulting the victim. | | | |
| COMMENTS | TAPE<br>Yes | TYPE OF TAPE<br>Audio CD | PROPERTY NUMBER |

| NAME | | PHONE (HOME) | PHONE (WORK) |
|---|---|---|---|
| ADDRESS | | SEX | AGE |
| E-MAIL ADDRESS | | | |
| PLACE OF EMPLOYMENT | | RELATIONSHIP TO DEFENDANT | |
| EXPECTED TESTIMONY | | | |
| COMMENTS | TAPE | TYPE OF TAPE | PROPERTY NUMBER |

I-20.125

Page 3 of 5 pages

# Franklin County Municipal Court

Lori M. Tyack, Clerk of Court 375 S. HIGH ST., COLUMBUS, OHIO 43215

State of Ohio
County of Franklin
City of Columbus

V: SHEAN MAURICE ELKINS

DEFENDANT

OTHER JURISDICTION

2012 MAY -2 PM 11: 12

TIME STAMP

## COMPLAINT

Complainant, being duly sworn, states that the above named defendant, at Franklin County / Columbus, Ohio, on or about the .....25..... day of..... September ........, 20..0.1. did: engage in sexual conduct, to wit:.... vaginal intercourse with another under the age of thirteen years, whether or not the offender knows the age of the.... other person and not the spouse of the offender, to wit: Cynthia M. Elkins age 10.

in violation of section .......2907.02(A-1b)...... ☐ City Code ☒ O.R.C., a ☐ Misdemeanor ☒ Felony of the............ First ............. degree.

Complainant ........*Ron Haynes* #2146........ Ron Haynes ........2146........

SIGNATURE                    PRINT FULL NAME                    BADGE NUMBER

CPD, SAU-D, 120 Marconi Blvd.         Columbus      Ohio     43215

ADDRESS OR AGENCY & ASSIGNMENT                    CITY          STATE      ZIP CODE

Sworn to and subscribed before me, this

..2.. day of..... May ......, 20..12..

Lori M. Tyack

Clerk of the Franklin County Municipal Court

By.....................

CLERK / DEPUTY CLERK / NOTARY PUBLIC / PEACE OFFICER

*NOTARIAL SEAL*
*STATE OF OHIO*

JEFFREY W. SKINNER
Notary Public
In and for the State of Ohio
My Commission Expires
8-21-12

*Notary Seal & Expiration Date*

☒ **ARREST WARRANT**

To any law enforcement officer of the State of Ohio:
You are hereby commanded to arrest the above named defendant and bring him/her before the Franklin County Municipal Court without unnecessary delay, to answer to the complaint hereon. WHEN APPLICABLE, IN ACCORDANCE TO CRIMINAL RULE #4, THE WARRANT HAS BEEN ISSUED BEFORE THE DEFENDANT HAS APPEARED AND THE BAIL PROVISION CRIMINAL RULE 46 SHALL APPLY. ARRAIGNMENT COURT IS HELD IN COURTROOM 4C AT 9:00 AM., MONDAY THROUGH FRIDAY.

Lori M. Tyack
Clerk of the Franklin County Municipal Court

Slate # ........... Control # ...........

By ..*J. Kogel*.. ........62-12........

DEPUTY                    DATE

| Complaint Number | Issuing Officer | Badge Number |
|---|---|---|
| 7035295 | Ron Haynes | 2146 |

Case No. 12-10914-1

☐ SUMMONS
☒ WARRANT
☐ MISDEMEANOR CITATION

Charge: Rape - Child Under Thirteen Years - F-1

Section Number: 2907.02(A-1b)  ☐ City Code  ☒ O.R.C.  Offense Date: 9-25-2001  Offense Time: 8:00 PM

Offense Location: 2595 Northwold Road  Suspect Cruiser Dist.: 184

Name: Elkins (LAST)  Shean (FIRST)  Maurice (MIDDLE)

Street: 2435 Scott Street

City: Hollywood  State: Fl.  Zip: 33020

SEX: M  RACE: W  HGT: 5'10"  WGT: 170  HAIR: Brown  EYES: Blue

DOB: 1/8/1969  S.S.#  DL/I.D.#

☐ **SUMMONS:** Read Notice #1 on reverse side.
You MUST appear in courtroom 4C ☐ or 15C ☐ on the date and time indicated. I personally served the Defendant a copy of this Summons on .............. Signature ..............

Type of SUMMONS Service Requested:
☐ Personal  ☐ Certified Mail

☐ **CITATION:** Read Notice #2 on reverse side.
Court appearance is OPTIONAL. You may contest this citation by appearing in COURTROOM 4C ☐ COURTROOM 15C ☐ on the date and time indicated.

| COURT DATE & TIME | | | |
|---|---|---|---|
| | | | _____ PM |
| MONTH | DAY | YEAR | TIME |

X ..............

This is not an admission of guilt. An ARREST WARRANT will be issued if you do not properly respond to this charge.

8/01                    ORIGINAL/COURT COPY

# Franklin County Municipal Court

Lori M. Tyack, Clerk of Court 375 S. HIGH ST., COLUMBUS, OHIO 43215

State of Ohio
County of Franklin
City of Columbus
} V: __SHEAN MAURICE ELKINS__
DEFENDANT

OTHER JURISDICTION

SIC
2012 MAY -2 PM 11: 11
TIME STAMP

## COMPLAINT

Complainant, being duly sworn, states that the above named defendant, at Franklin County / Columbus, Ohio, on or about the ____29__ day of _____March_____, 20__04__ did: engage in sexual conduct, to wit: vaginal intercourse with another, not the spouse of the offender to wit: Cynthia M. Elkins, and Shean M. Elkins being the natural parent of said victim.

in violation of section ____2907.03(A-5)____, a [ ] City Code [X] O.R.C. [ ] Misdemeanor [X] Felony of the ____Third____ degree.

Complainant ____R. Haynes #2146____    Ron Haynes    2146
                SIGNATURE         PRINT FULL NAME       BADGE NUMBER

CPD, SAU-D, 120 Marconi Blvd.    Columbus    Ohio    43215
ADDRESS OR AGENCY & ASSIGNMENT      CITY      STATE     ZIP CODE

Sworn to and subscribed before me, this ____2__ day of ____May____, 20__12__

Lori M. Tyack
Clerk of the Franklin County Municipal Court

By _____

CLERK / DEPUTY CLERK / NOTARY PUBLIC / PEACE OFFICER

NOTARIAL SEAL STATE OF OHIO

JEFFREY W. SKINNER
Notary Public
In and for the State of Ohio
My Commission Expires
8-21-12

*Notary Seal & Expiration Date*

[X] ARREST WARRANT
To any law enforcement officer of the State of Ohio:
You are hereby commanded to arrest the above named defendant and bring him/her before the Franklin County Municipal Court without unnecessary delay, to answer to the complaint hereon. WHEN APPLICABLE, IN ACCORDANCE TO CRIMINAL RULE #4, THE WARRANT HAS BEEN ISSUED BEFORE THE DEFENDANT HAS APPEARED AND THE BAIL PROVISION CRIMINAL RULE 46 SHALL APPLY. ARRAIGNMENT COURT IS HELD IN COURTROOM 4C AT 9:00 AM., MONDAY THROUGH FRIDAY.

Lori M. Tyack
Clerk of the Franklin County Municipal Court

Slate # _____    Control # _____

By _____ 8-2-12
    DEPUTY        DATE

Complaint Number
__7035296__    Issuing Officer Ron Haynes    Badge Number 2146

Case No. __12 - 10914 - 2__

[X] WARRANT
[ ] SUMMONS
[ ] MISDEMEANOR CITATION

Charge: Sexual Battery
Section Number __2907.03(A-5)__ [ ] City Code [X] O.R.C.   Offense Date __3-29-2004__   Offense Time __8:00 PM__
Offense Location __2595 Northwold Rd__   Suspect Cruiser Dist. __184__
Name Elkins    Shean    Maurice
     LAST       FIRST      MIDDLE
Street __2435 Scott Street__
City __Hollywood__   State __Fl.__   Zip __33020__
SEX __M__ RACE __W__ HGT __5'10"__ WGT __170__ HAIR __Brown__ EYES __Blue__
DOB __1/8/1969__   S.S.# _____ DL / I.D.# _____ CPD ID _____

[ ] SUMMONS: Read Notice #1 on reverse side.
You MUST appear in courtroom 4C [ ] or 15C [ ] on the date and time indicated. I personally served the Defendant a copy of this Summons on _____ Signature _____
Type of SUMMONS Service Requested:
[ ] Personal    [ ] Certified Mail

[ ] CITATION: Read Notice #2 on reverse side.
Court appearance is OPTIONAL. You may contest this citation by appearing in COURTROOM 4C [ ] COURTROOM 15C [ ] on the date and time indicated.

COURT DATE & TIME
| MONTH | DAY | YEAR | TIME | PM |
|---|---|---|---|---|

X _____
This is not an admission of guilt. An ARREST WARRANT will be issued if you do not properly respond to this charge.

8/01        ORIGINAL/COURT COPY

12-0014644   6-02-2012   8:45      Status: A   Fac ID: Detain: N
                                   Auth:        Visited:   Property

3

ELKINS, SHEAN M

Alias(s): ELKINS, SHEAN M
3435 SCOTT
   33020
                                                            Hair: BRO
                          Height: 5'11"                     Eyes: BLU
   Sex: M                 Weight: 240                    Relig: CHRIST
   Race: W                   DOB:  1-08-1969 OH
   SSN:                    MNU-Id: 41966B             BCI-Id:
FBI-Id:                                       Pers Contact:
   Empl: UNKNOWN
                                                        Med: Y    Asgn: FEL
   Loc: MJ-6 -ER-001        Ill: N                              Bond:
   Bin:   00629         Cash Recd:           Bond Type:

                                                        Disp:
     Accident: N        Lic No:
Arrest Location: NOT ON U10
   Date/Time:  6-02-2012   5:55
E      Officer: 2146  CPD   Haynes, Ron

AConvey Officer: 1655  CPD   Coulter, Paul
Slating Officer: Fleming, April F.              Warrant:   Y  On-View: N

Release Officer:            -FCSO
   Tentative D/T:                 To:

                                                            Case Numb

   Code No.      Charge Description                     10914       1
                                                        Fine:
1  2907.02   RAPE               Leng:         Meas:     F1
     Sent-Date:
       Dispo:        /                   Int. Ori: CPD
   Chg Rel D/T:                                         10914       2
                                                        Fine:
2  2907.03   SEXUAL BATTERY     Leng:         Meas:     F3
     Sent-Date:
       Dispo:        /                   Int. Ori: CPD
   Chg Rel D/T:

                                                    Case No.
   Court   Date        Time      Judge
                                                        10914
1   M     6-04-2012   9:00   ARRAIGNMENT MUNICIPAL

Remarks: 06022012..In booking @ 0826hrs..placed in s/t #7...due to request for
.........PC..copy of witness statement and slate to Sgt's office for
.........review...report generated..............................af970

P08040:   PRINTED  6/02/12  8:50:03

# Court Arraignment Sheet
## Columbus Division of Police

**Check Block Applicable**                          Date: 06-02-12
☐ Direct Indictment:            Note:  List all CPD Officers subpoenaed at bottom of page.
☐ Preliminary Hearing:
☐ Diversion

Defendant Name Shean M. Elkins _____ Charge Rape Under 13 years of age 2907.02(A-1B) F-1,
Sexual Battery (2907.03(A-5) F-3

Court Date 6-4-2012 Municipal Court Case No. 12-10914 CPD Case Folder No. 143-12

**(Note: If a high bond is warranted justify at end of summary)**
Bond Set $50,000 Y/S _____ By Judge HALE
Preliminary Hearing Date 6-12-2012 Court Room 4D Time 10:00 A.m.
Location Offense Occurred ~~2595 Northwest Rd.~~ CITY OF COLS Date of Offense 9-25-2001, 3-29-2004
Time of Offense 8:00p.m Victim ~~Cynthia M. Elkins~~ C E Age 10yoa, 13yoa
Reporting Person Cynthia M. Elkins _____ Relationship to Victim Self
Date of Arrest 6-02-12 Time of Arrest 5:55a.m Co-Defendants 1. _____
2. _____ 3. _____ 4. _____

Summary Of Incident: State the who, what, where, how, and, if known, the why of the case:
*"Use reverse side if more space is needed"*
Between September 11, 2001 and 2008, Mr. Elkins did begin french kissing his ten year old biological daughter
Ms. ~~Cynthia Elkins~~. Mr. Elkins later entered Ms. ~~Cynthia Elkins~~ bedroom while she was in bed and pulled her shorts and
panties to the side and performing cunnilingus on Ms. ~~Cynthia Elkins~~ while masterbating and ejaculating on the floor. Mr.
Elkins eventually began performing vaginal intercourse with Ms. ~~Cynthia Elkins~~. Mr. Elkins did this 3 to 5 times
a week over the seven year period.

**Complaint filed by:**
Police Officer – Name   Det. R. Haynes #2146 _____

Private Citizen – Name _____

Investigating Officer   Det. R. Haynes _____ Badge 2146 ____ Assignment 933D, SAS

Processing Officer   Det. R. Haynes _____ Badge 2146 ____ Assignment 933D, SAS

If Preliminary Hearing, List all C.P.D. Officers Subpoenaed Here: _____
_____
_____
_____

Supervisor's Approval _____ Date _____
I-20.112  (4/95)

Feb. 29. 2012 10:49AM                                                    No. 0399   P. 2

**BLENDON TOWNSHIP POLICE DEPARTMENT**                          CRIME SCENE NOTES
6340 Hempstead Road, Westerville Ohio 43081          12-02-012
Telephone # (614) 882-8500

| Offense: | Location: | Date 2001-2008 |
|---|---|---|
| Rape | 2595 Northwold/3900 Bluebird Ct | |
| | . | Page 1 |

February 25, 2012:
Yvette Elkins came to the Blendon Township Police Department to report the sexual abuse of her
two daughters. Both daughters are now adults, ages 21 and 18. Ms. Elkins spoke with Officer
Nance who provided Ms. Elkins with blank witness statements to take home with her to have her
daughters complete. Ms. Elkins came alone to BTPD.

February 27, 2012:
Ms. Elkins again came to BTPD. She had with her completed witness statements that appeared to
have been completed by both her daughters. One statement was handwritten and signed Shelby
Elkins, one was type written (cut & paste) and signed Cynthia Elkins. A third statement was
completed in the name of Yvette Elkins. Again, the two daughters were not present.
Det. Phillips asked that Ms. Elkins have her daughters set up an interview with Det. Phillips to
review the details of the sexual abuse. Ms. Elkins went ahead and scheduled this interview for
Wednesday 02/29/12 at 0830hours.
Det. Phillips reviewed the statements and concluded the sexual abuse occurred outside of Blendon
Township.

February 29, 2012
0900 hours, Det. Phillips called Ms. Elkins after her daughters failed to show or call to reschedule
the interview. Ms. Elkins apologized and explained she spoke with her daughters and decided
Friday March 2, 2012 would work better. Det. Phillips explained that after reviewing the statements
it appeared as though the sexual abuse occurred outside Blendon Township and would be better
suited if investigated through Columbus Police. Ms. Elkins agreed and was explained the report and
witness statements would be forwarded appropriately.

END OF SUMMARY

Juvenile Bureau Child Abuse

Investigative Summary

To:         Sergeant Wilson

From:       Detective Tucker #2056

Subject:    Folder #2004-0833

## Summary of Findings

Per FCCS CW Martha Lambert, the referral is unsubstantiated. ACV stated that last summer of 2003 AP (Dad) was sitting in a chair half drunk with a beer in his hand and asked ACV and her sister Shelby for a kiss. ACV stated that they both told him no. ACV stated that AP never asked again; she stated that she had come to the conclusion that AP was kidding. ACV stated that AP never touched her inappropriately. AP Shawn Elkins stated that he does not remember the incident.

Based on the above statement the referral will be closed at office level.

### Case Disposition

| Unfounded | **Office X** | Referred | Charges |
|-----------|-------------|----------|---------|

Referred to _____

Charges filed _____

Supervisor Approval _____

58032 - K16



Case No.

MAR 30 2018

CHILLICOTHE CORRECTIONAL
INSTITUTION

**12CR 07 3378**

State of Ohio,
Franklin County, ss:

FILED
COMMON PLEAS COURT
FRANKLIN CO. OHIO

2012 JUL -6 PM 1:52

CLERK OF COURTS

**INDICTMENT FOR:** Rape (2907.02 R.C.)
(F-1) (13 Counts); Sexual Battery
(2907.03 R.C.) (F-2) (4 Counts); Sexual
Battery (2907.03 R.C.) (F-3) (4 Counts);
Gross Sexual Imposition (2907.05 R.C.)
(F-3) (1 Count) and Gross Sexual
Imposition (2907.05 R.C.) (F-4) (1
Count); (Total: 23 Counts)

In the Court of Common Pleas, Franklin County, Ohio, of the Grand Jury
term beginning May eleventh the year of our Lord, Two Thousand Twelve.

### Count 1

The Jurors of the Grand Jury of the State of Ohio, duly selected,
impaneled, sworn, and charged to inquire of crimes and offenses committed
within the body of Franklin County, in the State of Ohio, upon their oath do
find and present that <u>Shean Elkins</u> late of said County, from on or about
September 11, 2001 to March 28, 2002, within the County of Franklin
aforesaid, in violation of section 2907.02 of the Ohio Revised Code, did engage
in sexual conduct, to wit: cunnilingus, with Cynthia Elkins, not his spouse,
and the said Cynthia Elkins being less than thirteen (13) years of age, to wit:
ten (10) years of age, and the said Shean Elkins having purposely compelled
Cynthia Elkins to submit by force or threat of force,

### Count 2

The Jurors of the Grand Jury of the State of Ohio, duly selected,
impaneled, sworn, and charged to inquire of crimes and offenses committed
within the body of Franklin County, in the State of Ohio, upon their oath do
find and present that <u>Shean Elkins</u> late of said County, from on or about
September 11, 2001 to March 28, 2002, within the County of Franklin



58032 - K17

aforesaid, in violation of section 2907.02 of the Ohio Revised Code, did engage in sexual conduct, to wit: vaginal intercourse, with Cynthia Elkins, not his spouse, and the said Cynthia Elkins being less than thirteen (13) years of age, to wit: ten (10) years of age, and the said Shean Elkins having purposely compelled Cynthia Elkins to submit by force or threat of force,

### Count 3

The Jurors of the Grand Jury of the State of Ohio, duly selected, impaneled, sworn, and charged to inquire of crimes and offenses committed within the body of Franklin County, in the State of Ohio, upon their oath do find and present that Shean Elkins late of said County, from on or about March 29, 2002 to March 28, 2003, within the County of Franklin aforesaid, in violation of section 2907.02 of the Ohio Revised Code, did engage in sexual conduct, to wit: vaginal intercourse, with Cynthia Elkins, not his spouse, and the said Cynthia Elkins being less than thirteen (13) years of age, to wit: eleven (11) years of age, and the said Shean Elkins having purposely compelled Cynthia Elkins to submit by force or threat of force,

### Count 4

The Jurors of the Grand Jury of the State of Ohio, duly selected, impaneled, sworn, and charged to inquire of crimes and offenses committed within the body of Franklin County, in the State of Ohio, upon their oath do find and present that Shean Elkins late of said County, from on or about March 29, 2003 to March 28, 2004, within the County of Franklin aforesaid, in violation of section 2907.02 of the Ohio Revised Code, did engage in sexual conduct, to wit: vaginal intercourse, with Cynthia Elkins, not his spouse, and the said Cynthia Elkins being less than thirteen (13) years of age, to wit: twelve (12) years of age, and the said Shean Elkins having purposely compelled Cynthia Elkins to submit by force or threat of force,

### Count 5

The Jurors of the Grand Jury of the State of Ohio, duly selected, impaneled, sworn, and charged to inquire of crimes and offenses committed within the body of Franklin County, in the State of Ohio, upon their oath do

- 2 -

58032 - K18

find and present that <u>Shean Elkins</u> late of said County, from on or about March 29, 2004 to March 28, 2005, within the County of Franklin aforesaid, in violation of section 2907.02 of the Ohio Revised Code, did engage in sexual conduct, to wit: vaginal intercourse, with Cynthia Elkins, not his spouse, and the said Shean Elkins having purposely compelled Cynthia Elkins to submit by force or threat of force,

Count 6

The Jurors of the Grand Jury of the State of Ohio, duly selected, impaneled, sworn, and charged to inquire of crimes and offenses committed within the body of Franklin County, in the State of Ohio, upon their oath do find and present that <u>Shean Elkins</u> late of said County, from on or about March 29, 2005 to March 28, 2006, within the County of Franklin aforesaid, in violation of section 2907.02 of the Ohio Revised Code, did engage in sexual conduct, to wit: vaginal intercourse, with Cynthia Elkins, not his spouse, and the said Shean Elkins having purposely compelled Cynthia Elkins to submit by force or threat of force,

Count 7

The Jurors of the Grand Jury of the State of Ohio, duly selected, impaneled, sworn, and charged to inquire of crimes and offenses committed within the body of Franklin County, in the State of Ohio, upon their oath do find and present that <u>Shean Elkins</u> late of said County, from on or about March 29, 2006 to March 28, 2007, within the County of Franklin aforesaid, in violation of section 2907.02 of the Ohio Revised Code, did engage in sexual conduct, to wit: vaginal intercourse, with Cynthia Elkins, not his spouse, and the said Shean Elkins having purposely compelled Cynthia Elkins to submit by force or threat of force,

Count 8

The Jurors of the Grand Jury of the State of Ohio, duly selected, impaneled, sworn, and charged to inquire of crimes and offenses committed within the body of Franklin County, in the State of Ohio, upon their oath do find and present that <u>Shean Elkins</u> late of said County, from on or about

- 3 -

58032 - K19

March 29, 2007 to March 28, 2008, within the County of Franklin aforesaid, in violation of section 2907.02 of the Ohio Revised Code, did engage in sexual conduct, to wit: vaginal intercourse, with Cynthia Elkins,

<u>Count 9</u>

The Jurors of the Grand Jury of the State of Ohio, duly selected, impaneled, sworn, and charged to inquire of crimes and offenses committed within the body of Franklin County, in the State of Ohio, upon their oath do find and present that <u>Shean Elkins</u> late of said County, from on or about September 11, 2001 to March 28, 2002, within the County of Franklin aforesaid, in violation of section 2907.02 of the Ohio Revised Code, did engage in sexual conduct, to wit: cunnilingus, with Cynthia Elkins, not his spouse, and the said Cynthia Elkins being less than thirteen (13) years of age, to wit: ten (10) years of age,

<u>Count 10</u>

. The Jurors of the Grand Jury of the State of Ohio, duly selected, impaneled, sworn, and charged to inquire of crimes and offenses committed within the body of Franklin County, in the State of Ohio, upon their oath do find and present that <u>Shean Elkins</u> late of said County, from on or about September 11, 2001 to March 28, 2002, within the County of Franklin aforesaid, in violation of section 2907.02 of the Ohio Revised Code, did engage in sexual conduct, to wit: vaginal intercourse, with Cynthia Elkins, not his spouse, and the said Cynthia Elkins being less than thirteen (13) years of age, to wit: ten (10) years of age,

<u>Count 11</u>

The Jurors of the Grand Jury of the State of Ohio, duly selected, impaneled, sworn, and charged to inquire of crimes and offenses committed within the body of Franklin County, in the State of Ohio, upon their oath do find and present that <u>Shean Elkins</u> late of said County, from on or about March 29, 2002 to March 28, 2003, within the County of Franklin aforesaid, in violation of section 2907.02 of the Ohio Revised Code, did engage in sexual conduct, to wit: vaginal intercourse, with Cynthia Elkins, not his spouse, and

- 4 -

58032 - K20

the said Cynthia Elkins being less than thirteen (13) years of age, to wit: eleven (11) years of age,

### Count 12

The Jurors of the Grand Jury of the State of Ohio, duly selected, impaneled, sworn, and charged to inquire of crimes and offenses committed within the body of Franklin County, in the State of Ohio, upon their oath do find and present that Shean Elkins late of said County, from on or about March 29, 2003 to March 28, 2004, within the County of Franklin aforesaid, in violation of section 2907.02 of the Ohio Revised Code, did engage in sexual conduct, to wit: vaginal intercourse, with Cynthia Elkins, not his spouse, and the said Cynthia Elkins being less than thirteen (13) years of age, to wit: twelve (12) years of age,

### Count 13

The Jurors of the Grand Jury of the State of Ohio, duly selected, impaneled, sworn, and charged to inquire of crimes and offenses committed within the body of Franklin County, in the State of Ohio, upon their oath do find and present that Shean Elkins late of said County, from on or about September 11, 2001 to March 28, 2002, within the County of Franklin aforesaid, in violation of section 2907.03 of the Ohio Revised Code, did engage in sexual conduct, to wit: cunnilingus, with another, to wit: Cynthia Elkins, not his spouse, when the said Shean Elkins is the said Cynthia Elkins's natural or adoptive parent, stepparent, guardian, custodian or other person in *loco parentis,* and the said Cynthia Elkins being less than thirteen (13) years of age, to wit: ten (10) years of age,

### Count 14

The Jurors of the Grand Jury of the State of Ohio, duly selected, impaneled, sworn, and charged to inquire of crimes and offenses committed within the body of Franklin County, in the State of Ohio, upon their oath do find and present that Shean Elkins late of said County, from on or about September 11, 2001 to March 28, 2002, within the County of Franklin aforesaid, in violation of section 2907.03 of the Ohio Revised Code, did engage

- 5 -

58032 – K21

in sexual conduct, to wit: vaginal intercourse, with another, to wit: Cynthia Elkins, not his spouse, when the said Shean Elkins is the said Cynthia Elkins's natural or adoptive parent, stepparent, guardian, custodian or other person in *loco parentis*, and the said Cynthia Elkins being less than thirteen (13) years of age, to wit: ten (10) years of age,

### Count 15

The Jurors of the Grand Jury of the State of Ohio, duly selected, impaneled, sworn, and charged to inquire of crimes and offenses committed within the body of Franklin County, in the State of Ohio, upon their oath do find and present that <u>Shean Elkins</u> late of said County, from on or about March 29, 2002 to March 28, 2003, within the County of Franklin aforesaid, in violation of section 2907.03 of the Ohio Revised Code, did engage in sexual conduct, to wit: vaginal intercourse, with another, to wit: Cynthia Elkins, not his spouse, when the said Shean Elkins is the said Cynthia Elkins's natural or adoptive parent, stepparent, guardian, custodian or other person in *loco parentis*, and the said Cynthia Elkins being less than thirteen (13) years of age, to wit: eleven (11) years of age,

### Count 16

The Jurors of the Grand Jury of the State of Ohio, duly selected, impaneled, sworn, and charged to inquire of crimes and offenses committed within the body of Franklin County, in the State of Ohio, upon their oath do find and present that <u>Shean Elkins</u> late of said County, from on or about March 29, 2003 to March 28, 2004, within the County of Franklin aforesaid, in violation of section 2907.03 of the Ohio Revised Code, did engage in sexual conduct, to wit: vaginal intercourse, with another, to wit: Cynthia Elkins, not his spouse, when the said Shean Elkins is the said Cynthia Elkins's natural or adoptive parent, stepparent, guardian, custodian or other person in *loco parentis*, and the said Cynthia Elkins being less than thirteen (13) years of age, to wit: twelve (10) years of age,

58032 - K22

### Count 17

The Jurors of the Grand Jury of the State of Ohio, duly selected, impaneled, sworn, and charged to inquire of crimes and offenses committed within the body of Franklin County, in the State of Ohio, upon their oath do find and present that <u>Shean Elkins</u> late of said County, from on or about March 29, 2004 to March 28, 2005, within the County of Franklin aforesaid, in violation of section 2907.03 of the Ohio Revised Code, did engage in sexual conduct, to wit:  vaginal intercourse, with another, to wit:  Cynthia Elkins, not his spouse, when the said Shean Elkins is the said Cynthia Elkins's natural or adoptive parent, stepparent, guardian, custodian or other person in *loco parentis*

### Count 18

The Jurors of the Grand Jury of the State of Ohio, duly selected, impaneled, sworn, and charged to inquire of crimes and offenses committed within the body of Franklin County, in the State of Ohio, upon their oath do find and present that <u>Shean Elkins</u> late of said County, from on or about March 29, 2005 to March 28, 2006, within the County of Franklin aforesaid, in violation of section 2907.03 of the Ohio Revised Code, did engage in sexual conduct, to wit:  vaginal intercourse, with another, to wit:  Cynthia Elkins, not his spouse, when the said Shean Elkins is the said Cynthia Elkins's natural or adoptive parent, stepparent, guardian, custodian or other person in *loco parentis*

### Count 19

The Jurors of the Grand Jury of the State of Ohio, duly selected, impaneled, sworn, and charged to inquire of crimes and offenses committed within the body of Franklin County, in the State of Ohio, upon their oath do find and present that <u>Shean Elkins</u> late of said County, from on or about March 29, 2006 to March 28, 2007, within the County of Franklin aforesaid, in violation of section 2907.03 of the Ohio Revised Code, did engage in sexual conduct, to wit:  vaginal intercourse, with another, to wit:  Cynthia Elkins, not his spouse, when the said Shean Elkins is the said Cynthia Elkins's natural or

58032 - K23

adoptive parent, stepparent, guardian, custodian or other person in *loco parentis*

Count 20

The Jurors of the Grand Jury of the State of Ohio, duly selected, impaneled, sworn, and charged to inquire of crimes and offenses committed within the body of Franklin County, in the State of Ohio, upon their oath do find and present that Shean Elkins late of said County, from on or about March 29, 2007 to March 28, 2008, within the County of Franklin aforesaid, in violation of section 2907.03 of the Ohio Revised Code, did engage in sexual conduct, to wit: vaginal intercourse, with another, to wit: Cynthia Elkins, not his spouse, when the said Shean Elkins is the said Cynthia Elkins's natural or adoptive parent, stepparent, guardian, custodian or other person in *loco parentis*

Count 21

The Jurors of the Grand Jury of the State of Ohio, duly selected, impaneled, sworn, and charged to inquire of crimes and offenses committed within the body of Franklin County, in the State of Ohio, upon their oath do find and present that Shean Elkins late of said County, from on or about May 1, 2001 to June 29, 2002, within the County of Franklin aforesaid, in violation of section 2907.02 of the Ohio Revised Code, did engage in sexual conduct, to wit: cunnilingus, with Shelby Elkins, not his spouse, and the said Shelby Elkins being less than thirteen (13) years of age, to wit: seven and/or eight (7 and/or 8) years of age, and the said Shelby Elkins being less than (10) years of age, to wit: seven and/or eight (7 and/or 8) years of age,

Count 22

The Jurors of the Grand Jury of the State of Ohio, duly selected, impaneled, sworn, and charged to inquire of crimes and offenses committed within the body of Franklin County, in the State of Ohio, upon their oath do find and present that Shean Elkins late of said County, from on or about June 30, 2004 to June 29, 2005, within the County of Franklin aforesaid, in violation of section 2907.05 of the Ohio Revised Code, did have sexual contact

- 8 -

58032 – K24

with Shelby Elkins, not his spouse, the said Shelby Elkins being less than thirteen (13) years of age, to wit:  eleven (11) years of age,

### Count 23

The Jurors of the Grand Jury of the State of Ohio, duly selected, impaneled, sworn, and charged to inquire of crimes and offenses committed within the body of Franklin County, in the State of Ohio, upon their oath do find and present that <u>Shean Elkins</u> late of said County, from on or about June 30, 2006 to June 29, 2007, within the County of Franklin aforesaid, in violation of section 2907.05 of the Ohio Revised Code, did have sexual contact with Shelby Elkins, not his spouse, contrary to the statute in such cases made and provided and against the peace and dignity of the State of Ohio.

RON O'BRIEN
Prosecuting Attorney
Franklin County, Ohio

**A TRUE BILL**

Assistant Prosecuting Attorney

Foreperson, Grand Jury

58032 – K25

**The following is Information for the Clerk of Courts Only.**

State of Ohio v. Shean Elkins
Address: 2435 Scott Street, Hollywood, Florida, 33020
DOB: 1-8-1969
Sex/Race: Male White
Date of Arrest: 6-2-2012
SSN: ▮▮▮▮▮▮
Police Agency: CPD
Municipal Reference: 10914-12
ITN #: 161986DA

| | | |
|---|---|---|
| Count 1: | Rape | 2907.02 F-1 |
| Count 2: | Rape | 2907.02 F-1 |
| Count 3: | Rape | 2907.02 F-1 |
| Count 4: | Rape | 2907.02 F-1 |
| Count 5: | Rape | 2907.02 F-1 |
| Count 6: | Rape | 2907.02 F-1 |
| Count 7: | Rape | 2907.02 F-1 |
| Count 8: | Rape | 2907.02 F-1 |
| Count 9: | Rape | 2907.02 F-1 |
| Count 10: | Rape | 2907.02 F-1 |
| Count 11: | Rape | 2907.02 F-1 |
| Count 12: | Rape | 2907.02 F-1 |
| Count 13: | Sexual Battery | 2907.03 F-2 |
| Count 14: | Sexual Battery | 2907.03 F-2 |
| Count 15: | Sexual Battery | 2907.03 F-2 |
| Count 16: | Sexual Battery | 2907.03 F-2 |
| Count 17: | Sexual Battery | 2907.03 F-3 |

- 10 -

X:\INDICTS\AMB\JUL12\1844.DOC

58032 - K26

| | | |
|---|---|---|
| Count 18: | Sexual Battery | |
| | 2907.03 F-3 | |
| Count 19: | Sexual Battery | |
| | 2907.03 F-3 | |
| Count 20: | Sexual Battery | |
| | 2907.03 F-3 | |
| Count 21: | Rape | |
| | 2907.02 F-1 | |
| Count 22: | Gross Sexual Imposition | |
| | 2907.05 F-3 | |
| Count 23: | Gross Sexual Imposition | |
| | 2907.05 F-4 | |

Case No.

- 11 -

*MK*

58045 - D87

## IN THE COURT OF COMMON PLEAS, FRANKLIN COUNTY, OHIO
## CRIMINAL DIVISION

STATE OF OHIO

    -vs-                    Case No. 12CR-3378

SEAN ELKINS,

    Defendant.             JUDGE SCHNEIDER

*[stamp: FILED COMMON PLEAS COURT FRANKLIN CO OHIO 2012 JUL 16 PM 4:02 CLERK OF COURTS-CV-]*

### DEMAND FOR DISCOVERY

Now comes the Defendant, by and through undersigned counsel, and hereby respectfully demands all discovery pursuant to Rule 16 of the Ohio Rules of Criminal Procedure, including items that are material to the preparation of a defense, or are intended for use by the State as evidence at trial, or were obtained from or belong to the defendant, within the possession of, or reasonably available to the State, including but not limited to the following:

### 1. STATEMENT OF THE DEFENDANT AND CO-DEFENDANT

Crim. R. 16(B)(1) All relevant written or recorded statements, or copies thereof, made by the Defendant or a co-defendant, including police summaries of such statements, and including grand jury testimony by either the defendant or co-defendant.

*TW*

58045 – D88

2. <u>CRIMINAL RECORD(S) OF DEFENDANT, CO-DEFENDANT(S), AND WITNESS(ES)</u> Crim. R. 16(B)(2)

A copy of Defendant's prior criminal record as well as the criminal record of any co-defendant and/or witness associated with the instant matter that would be admissible under Rule 609 of the Ohio Rules of Evidence of a witness in the State's case-in-chief, or that it reasonably antic ipates calling as a witness in rebuttal or surrebuttal.  For purposes of this request, a "witness" shall include any person who has or claims to have knowledge or is believed to have knowledge concerning a fact or facts about the issue(s) involved in this criminal action or proceeding or about the credibility of another witness, irrespective of whether the State intends to call such person as a witness at trial.

3. <u>DOCUMENTS AND TANGIBLE OBJECTS</u> Crim. R. 16(B)(3)

All laboratory or hospital reports, books, papers, tangible objects, photographs, buildings or places or copies or portions, subject only to Crim. R. 16(D)(4) and Crim. R. 16(E).

4. <u>REPORTS OF EXAMINATIONS AND TESTS</u> Crim. R. 16(B)(4)

Any results or reports of physical or mental examinations and of experiments or scientific tests, made in connection with the above-captioned case, subject only to Crim. R. 16(D)(4) and Crim. R. 16(E).

2

D017

58045 — D89

5. <u>EVIDENCE FAVORABLE TO DEFENDANT</u> Crim. R. 16(B)(5)

All evidence or information known or which may become known to the State which may be favorable to the Defendant and material to guilt or punishment, including information or evidence which could be used to obtain evidence that would diminish the credibility of any State's witness, as well as material relevant to either guilt or punishment. "[E]vidence that would diminish the credibility of any State's witness" includes, without limitation, plea bargains, pardons, grants of clemency, grants of immunity, informal or formal promise to speak on behalf of another in a legal proceeding, whether such accommodations have been extended on behalf of the witness or on behalf of a family member, friend or associate of the witness.

6. <u>POLICE REPORTS</u> Crim. R. 16(B)(6)

All reports and summaries from peace officers, the Ohio State Highway Patrol, and federal law enforcement agents, both original and supplemental, the existence of which may be known or may become known to the State and that are associated with the above-captioned matter.

7. <u>WITNESS STATEMENTS</u> Crim. R. 16(B)(7)

All written or recorded statements, or copies thereof, made by a witness in the State's case-in-chief, or that it reasonably anticipates calling

3

58045 - D90

as a witness in rebuttal or surrebuttal. For purposes of this request, a "witness" shall include any person who has or claims to have knowledge or is believed to have knowledge concerning a fact or facts about the issue9s) involved in this criminal action or proceeding or about the credibility of another witness, irrespective of whether the State intends to call such person as a witness at trial.

8. <u>WITNESS NAMES AND ADDRESSES</u> Crim. R. 16(I)

A written list of the names and addresses of all witnesses that the State intends to call in its case-in-chief, or reasonably anticipates calling in rebuttal or surrebuttal.

9. <u>EXPERT WITNESSES: REPORTS</u> Crim. R. 16(K)

All written reports summarizing an expert witness' testimony, findings, analysis, conclusions, or opinions, which shall include a summary of the expert's qualifications.

Respectfully, this demand is continuing in nature. If, subsequent to compliance with this request, the State discovers additional responsive materials, those materials shall promptly be transmitted to the Defendant. In the event the State refuses to transmit such materials, he State shall advise the Defendant of its noncompliance to allow for a determination of the

4

D014

58045 - D91

discoverability of the withheld materials, pursuant to Crim. R. 16(C) and/or

Crim. R. 16(D)(1)-(5) and/or Crim. R. 16(E)(1) and (2).

Respectfully submitted,

Yeura Venters
Franklin County Public Defender

BY _____

MICHELLE KAZAR  0071211
Counsel for Defendant
373 S. High Street, 12th Floor
Columbus, OH  43215
Phone: 462-3194

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Demand for Discovery

was delivered to the Office of the Franklin County Prosecutor, 373 S. High

Street, 14th Floor, Columbus, OH 43215, this _____ day of

_____, 2012.

_____

Counsel for Defendant

5

58047 - D98

## IN THE COURT OF COMMON PLEAS, FRANKLIN COUNTY, OHIO
### CRIMINAL DIVISION

State of Ohio

      Plaintiff,      :

vs.             :      Case No. 12CR3378

Sean Elkins      :

      Defendant      :      Judge Hogan

             :

FILED: COMMON PLEAS COURT FRANKLIN CO. OHIO 2012 JUL 19 PM 2:34 CLERK OF COURTS

### IDENTIFICATION OF DISCOVERY PROVIDED

Pursuant to Criminal Rule 16(B), discovery includes:

Recorded Statement of Defendant
Criminal Records of Witnesses in State's
  case-in-chief may be provided at a later
  date
Papers

Documents
Reports from Peace Officers
Written or Recorded Statements by
  Witnesses in the State's Case in Chief

Pursuant to Criminal Rule 16(I), a list of witnesses is attached hereto.

Pursuant to Criminal Rule 16(K), a written report by expert witness(es) shall be provided.

Pursuant to Evidence Rule 609(B), the State hereby gives advance notice of its intent to seek admission under that rule of any conviction of a witness that is more than 10 years old as calculated therein.

"Counsel Only" Material has been designated on this case. The State retains a copy of this material for its file.

Redacted information that is neither certified to the Court nor designated "Counsel Only" is not material to the preparation of a defense. Contact the Prosecutor if you dispute that issue.

### NOTICE OF INTENTION TO USE EVIDENCE

The prosecution, in accordance with Rule 12, Ohio Rules of Criminal Procedure, hereby informs defendant of the general intention to use all discoverable evidence pertaining to this case as set forth by Rule 16, Ohio Rules of Criminal Procedure. The prosecution will permit discovery of this evidence in accordance with Rule 16, Ohio Rules of Criminal Procedure.

②



58047 – D99

Respectfully submitted,

Ron O'Brien
Prosecuting Attorney
Franklin County, Ohio

Lauren M. Cerminaro     0081317
Assistant Prosecuting Attorney
373 South High Street
Columbus, Ohio  43215
(614) 525-3555

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed by U.S. mail, postage prepaid, to Michelle L. Kazar, at Franklin County Public Defender, 373 South High Street, Columbus, Ohio 43215-4591 on the 19th day of July, 2012.

Lauren M. Cerminaro     0081317
Assistant Prosecuting Attorney

58075 – T75

## IN THE COURT OF COMMON PLEAS, FRANKLIN COUNTY, OHIO
## CRIMINAL DIVISION

State of Ohio                           :

    Plaintiff,                      :

                                         :

vs.                                     :        Case No. 12CR3378
                                                 and 12CR2898
Sean Elkins                             :

    Defendant                       :        Judge Hogan

### STATE'S SUPPLEMENTAL DISCOVERY

Pursuant to Rule 16, Ohio Rules of Criminal Procedure, the Prosecuting Attorney provides the following additional information regarding the above styled case.

(1) CD Copy of Controlled Call

(2) CD Copy of Text Messages

Respectfully submitted,

RON O'BRIEN
Prosecuting Attorney
Franklin County, Ohio

Lauren M. Cerminaro    0081317
Assistant Prosecuting Attorney
373 South High Street, 14th Floor
Columbus, Ohio 43215
(614) 525-3555

FILED
COMMON PLEAS COURT
FRANKLIN CO OHIO
2012 SEP -5 PM 2: 45
CLERK OF COURTS

2

58075 – T76

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing notice was served upon Michelle L. Kazar, at Franklin County Public Defender, 373 South High Street, Columbus, Ohio 43215-4591, Counsel for Defendant, by regular U.S. Mail, postage prepaid on the _____5_____ day of September, 2012

Lauren M. Cerminaro    0081317
Assistant Prosecuting Attorney

58080 - P25

## IN THE COURT OF COMMON PLEAS, FRANKLIN COUNTY, OHIO
### CRIMINAL DIVISION

| | | |
|---|---|---|
| State of Ohio | : | |
| | : | |
| Plaintiff, | : | — |
| | : | |
| vs. | : | Case No. 12CR3378 |
| | : | and 12CR2898 |
| Sean Elkins | : | |
| | : | |
| Defendant | : | Judge Hogan |

### STATE'S SUPPLEMENTAL DISCOVERY

Pursuant to Rule 16, Ohio Rules of Criminal Procedure, the Prosecuting Attorney provides the following additional information regarding the above styled case.

(1) DVD Copy of Interview of Defendant

Respectfully submitted,

RON O'BRIEN
Prosecuting Attorney
Franklin County, Ohio

Lauren M. Cerminaro    0081317
Assistant Prosecuting Attorney
373 South High Street, 14th Floor
Columbus, Ohio 43215
(614) 525-3555

FILED
COMMON PLEAS COURT
FRANKLIN CO OHIO
2012 SEP 11 PM 2: 31
CLERK OF COURTS

2

58080 - P26

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing notice was served upon Michelle L. Kazar, at Franklin County Public Defender, 373 South High Street, Columbus, Ohio 43215-4591, Counsel for Defendant, by regular U.S. Mail, postage prepaid on the ___11___ day of September, 2012.

Lauren M. Cerminaro    0081317
Assistant Prosecuting Attorney

58084 — K20 IN THE COMMON PLEAS COURT OF FRANKLIN COUNTY, OHIO
CRIMINAL DIVISION

FILED
COMMON PLEAS COURT

STATE OF OHIO,

PLAINTIFF, 2012 SEP 25 AM 11: 33

v. CLERK OF COURT CASE NO. 12 CR 3378

Shean Elkins : JUDGE SCHNEIDER

DEFENDANT. :

**E N T R Y**

Upon Motion of the _parties_ and for good cause

shown, to wit: _further investigation & negotiation_

_____ this

case, being set for trial on the _25th_ day of _September_, 2012 at 9:00 a.m., is hereby

continued for reassignment to the _27_ day of _November_, 20 _12_ at 9:00

a.m.

Defendant waives the right to a speedy trial for the period of this continuance as to the

pending charge or charges as well as any subsequent, additional charge or charges which

may arise from the same set of facts and circumstances as the initial charge.

_____
Judge Schneider

Approved:

Ron O'Brien
Prosecuting Attorney
Franklin County, Ohio

_____
Assistant Prosecuting Attorney
Counsel for the State of Ohio

_____
Attorney at Law
Counsel for the Defendant

ASSIGNMENT COMMISSIONER
COURT OF COMMON PLEAS
2012 SEP 25 AM 11:09

X _____
Defendant

58122 - S47

**IN THE COMMON PLEAS COURT OF FRANKLIN COUNTY, OHIO**
**CRIMINAL DIVISION**

STATE OF OHIO,

        PLAINTIFF,

    v.

Shean Elkins

        DEFENDANT.

CASE NO  12 CR 3378

JUDGE SCHNEIDER

## ENTRY

Upon Motion of the _parties_ and for good cause shown, to wit: _further investigation + discussion_ this case, being set for trial on the 27 day of _November_ 2012 at 9:00 a.m., is hereby continued for reassignment to the 29 day of _January_, 20 13 at 9:00 a.m.

Defendant waives the right to a speedy trial for the period of this continuance as to the pending charge or charges as well as any subsequent, additional charge or charges which may arise from the same set of facts and circumstances as the initial charge.

Judge Schneider

Approved:

Ron O'Brien
Prosecuting Attorney
Franklin County, Ohio

Assistant Prosecuting Attorney
Counsel for the State of Ohio

Attorney at Law
Counsel for the Defendant

X
Defendant

58152 – S19

**IN THE COMMON PLEAS COURT OF FRANKLIN COUNTY, OHIO**
**CRIMINAL DIVISION**

STATE OF OHIO,

FILED.
COMMON PLEAS COURT

PLAINTIFF,

2013 JAN 31 PM 12: 06

v.

CLERK OF COURTS

CASE NO. 12 CR 3378

Shean Elkins

JUDGE SCHNEIDER

DEFENDANT.

**E N T R Y**

Upon Motion of the _parties_ and for good cause

shown, to wit: _further investigation & negotiation_ this

case, being set for trial on the _29th_ day of _January_ 2013 at 9:00 a.m., is hereby

continued for reassignment to the _20_ day of _March_, 20 _13_ at 9:00

a.m.

Defendant waives the right to a speedy trial for the period of this continuance as to the

pending charge or charges as well as any subsequent, additional charge or charges which

may arise from the same set of facts and circumstances as the initial charge.

_____
Judge Schneider

Approved:

Ron O'Brien
Prosecuting Attorney
Franklin County, Ohio

_____
Assistant Prosecuting Attorney
Counsel for the State of Ohio

_____
Attorney at Law                    0071211
Counsel for the Defendant

_____
Defendant

N 2:
4/9 - 9/19

8

58189 - M52

IN THE COURT OF COMMON PLEAS, FRANKLIN COUNTY, OHIO
CRIMINAL DIVISION

STATE OF OHIO,                   :        Termination No. 13 By CJ

      Plaintiff,              :

      v.                       :        Case No. 12CR-3378

SHEAN ELKINS,                    :        Judge SCHNEIDER

      Defendant.              :

**FILED COMMON PLEAS COURT FRANKLIN CO. OHIO**
**CLERK OF COURTS**
**2013 MAR 22 PH 12: 16**

**JUDGMENT ENTRY**
**(Prison Imposed – Sexual Predator)**

On March 20, 2013, the State of Ohio was represented by Assistant Prosecuting Attorney Lauren Cerminaro, and the Defendant was represented by Attorney Michelle Kazar. The Defendant, after being advised of his rights pursuant to Crim. R. 11, entered a plea of guilty to the stipulated lesser included offense of **Count One** of the Indictment, to wit: **RAPE**, in violation of Section 2907.02 (A)(2) of the Ohio Revised Code, being a Felony of the First Degree; guilty to the stipulated lesser included offense of **Count Two** of the Indictment, to wit: **RAPE**, in violation of Section 2907.02 (A)(2) of the Ohio Revised Code, being a Felony of the First Degree; guilty to the stipulated lesser included offense of **Count Three** of the Indictment, to wit: **RAPE**, in violation of Section 2907.02 (A)(2) of the Ohio Revised Code, being a Felony of the First Degree; and guilty to the stipulated lesser included offense of **Count Twenty-One** of the Indictment, to wit: **RAPE**, in violation of Section 2907.02 (A)(2) of the Ohio Revised Code, being a Felony of the First Degree. Upon application of the Assistant Prosecuting Attorney, and for good cause shown, it is hereby **ORDERED** that a nolle prosequi be entered for **COUNTS FOUR, FIVE, SIX, SEVEN, EIGHT, NINE, TEN, ELEVEN, TWELVE, THIRTEEN, FOURTEEN, FIFTEEN, SIXTEEN, SEVENTEEN, EIGHTEEN, NINETEEN, TWENTY, TWENTY-TWO and TWENTY-THREE** of the Indictment.

The Court found the Defendant guilty of the charges to which the plea was entered and proceeded to sentencing.

On March 20, 2013, a sentencing hearing was held pursuant to R.C. 2929.19. The State of Ohio was represented by Assistant Prosecuting Attorney Lauren Cerminaro, and the Defendant was represented by Attorney Michelle Kazar. The Assistant Prosecuting Attorney and the Defendant's attorney **did jointly** recommend a sentence of ten (10) years as to Count One; seven (7) years as to Count Two; five (5) years as to Count Three; and nine (9) years as to Count Twenty-One. Counts One, Two and Three to be served consecutively to each other but concurrently with Count Twenty-One for a total of Twenty-Two years.

3

58189 - M53

"The Court conducted a hearing as required by O.R.C. Section 2950.09. The Court finds that there is clear and convincing evidence that the Defendant is a **SEXUAL PREDATOR**. This finding is made pursuant to O.R.C. Section 2950.09 (B) and after consideration of the factors set forth in O.R.C. Section 2950.09 (B)(2).

The Court afforded counsel an opportunity to speak on behalf of the Defendant and addressed the Defendant personally affording him an opportunity to make a statement on his own behalf in the form of mitigation and to present information regarding the existence or non-existence of the factors the Court has considered and weighed.

The Court has considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12. In addition, the Court has weighed the factors as set forth in the applicable provisions of R.C. 2929.13 and R.C. 2929.14. The Court further finds that a prison term **is mandatory as to Counts One, Two, Three and Twenty-One** pursuant to R.C. 2929.13(F).

The Court hereby imposes the following sentence: **TEN (10) YEARS as to Count One; SEVEN (7) YEARS as to Count Two; FIVE (5) YEARS as to Count Three; and NINE (9) YEARS as to Count Twenty-One. Counts One, Two and Three to be served consecutively to each other but concurrently with Count Twenty-One for a total of TWENTY-TWO (22) YEARS** to be served at the Ohio Department of Rehabilitation and Correction.

After imposing sentence, the Court stated its reasons as required by R.C. 2929.19. The Court notified the Defendant that he/she may be eligible to earn credit while in prison but that the credit is not automatic and may not be applicable for the offense for which the defendant was sentenced.

The Court notified the Defendant pursuant to R.C. 2929.19(B)(3) that the applicable period of post-release control is five (5) years **mandatory**.

The Court has considered the Defendant's present and future ability to pay a fine and financial sanction and does, pursuant to R.C. 2929.18, hereby render judgment for the following fine and/or financial sanctions: Defendant shall pay court costs in an amount to be determined. No fine imposed.

The total fine and financial sanction judgment is **$0 plus costs.**

**The Defendant was notified of the Ohio Department of Rehabilitation and Correction's Shock Incarceration Programs and Post Release Control in writing and orally.**

The Court makes no recommendation of the Offender's placement in an intensive prison program or transitional control.

D057

581'89 - M54

The Court finds that the Defendant has **three hundred twenty (320) days** of jail credit and hereby certifies the time to the Ohio Department of Corrections. The Defendant is to receive jail time credit for all additional jail time served while awaiting transportation to the institution from the date of the imposition of this sentence.

CHARLES A. SCHNEIDER, JUDGE

cc:  Assistant Prosecuting Attorney
     Defendant's Attorney