## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**SHEAN ELKINS,**

    **Petitioner,**

    v.

**WARDEN, CHILLICOTHE**
**CORRECTIONAL INSTITUTION,**

    **Respondent.**

**CASE NO. 2:20-CV-2934**
**JUDGE JAMES L. GRAHAM**
**Magistrate Judge Kimberly A. Jolson**

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." If it does so appear, the petition must be dismissed. *Id*. With this standard in mind, and for the reasons that follow, these are the circumstances here. It is therefore **RECOMMENDED** that this action be **DISMISSED.**

### I. BACKGROUND

Petitioner challenges his March 20, 2013 convictions pursuant to his guilty plea in the Franklin County Court of Common Pleas on four counts of rape. The trial court imposed the jointly recommended sentence of 22 years incarceration and adjudicated Petitioner as a sexual predator. *See State v. S.E.*, 10th Dist. No. 13AP-325, 2014 WL 504772 (Ohio Ct. App. Feb. 6,

2014). Petitioner timely appealed, asserting as his sole assignment of error that the trial court erred in adjudicating him as a sexual predator. On February 6, 2014, the appellate court affirmed the trial court's judgment. *Id.* Petitioner did not pursue an appeal to the Ohio Supreme Court. On April 9, 2019, he filed a motion for a delayed appeal, asserting the denial of the effective assistance of counsel and that the prosecutor violated *Brady v. Maryland*, 373 U.S. 83 (1963). Petitioner does not indicate the status of those proceedings.

On June 1, 2020, Petitioner executed this habeas corpus petition. (Doc. 1, PAGEID # 15). He asserts that he was denied the effective assistance of counsel and that the prosecutor violated *Brady*. However, the record reflects that the statute of limitations bars review of Petitioner's claims.

## II.  STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id*.

A District Court is permitted, but not obligated, to *sua sponte* address the timeliness of a federal habeas corpus petition, *Day v. McDonough*, 547 U.S. 198 (2006), and may do so when conducting an initial review under Rule 4.  See *Wogenstahl v. Charlotte*, No. 1:17-cv-298, 2017 WL 3053645, at *2 (S.D. Ohio July 19, 2017) (citing *McDonough*, 547 U.S. at 198).

Applied here, Petitioner's judgment of conviction became final under the provision of § 2244(d)(1)(A) on March 23, 2014, forty-five days after the appellate court's February 6, 2014 dismissal of the appeal, when the time period expired to file a timely appeal with the Ohio Supreme Court.  See *Montgomery v. Warden, Allen Corr. Inst.*, No. 2:19-cv-3077, 2019 WL 4737999, at *3 (S.D. Ohio Sept. 27, 2019) (citing *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001); *Taher v. Warden*, No. 1:12-cv-400, 2013 WL 485789, at *6 (S.D. Ohio Feb. 6, 2013)).  The statute of limitations began to run on the following day and expired one year later, on March 24, 2015. Petitioner waited more than five years and two months, until June 1, 2020, to execute this habeas corpus petition.  His 2019 motion for a delayed appeal did not affect the running of the statute of limitations as he filed that motion long after the statute of limitations had already expired.  "The tolling provision [of § 2244(d)(2)] does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run."  *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003) (citing *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Moreover, Petitioner does not allege, and the record does not reflect, any extraordinary circumstances that would justify equitable tolling of the statute of limitations.  See *Holland v. Florida,* 560 U.S. 631, 649 (2010) (To obtain equitable tolling of the statute of limitations, a

3

litigant must establish that he has been diligently pursued relief and that some extraordinary circumstance stood in his way of timely filing) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

### III.  RECOMMENDED DISPOSITION

Therefore, it is **RECOMMENDED** that this action be **DISMISSED.**

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.

4

5

Date:   August 3, 2020 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE