IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHEAN ELKINS,

        Petitioner,

   v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

        Respondent.

CASE NO. 2:20-CV-2934
JUDGE JAMES L. GRAHAM
Magistrate Judge Kimberly A. Jolson

**OPINION AND ORDER**

On August 3, 2020, the Magistrate Judge issued a Report and Recommendation pursuant to Rule 4 of the Rules Governing Section 2254 Cases recommending that this action be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). (Doc. 5.) Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (Doc. 8.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the reasons that follow, Petitioner's Objection (Doc. 8) is **OVERRULED**. The Report and Recommendation (Doc. 5) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his March 20, 2013, convictions pursuant to his guilty plea in the Franklin County Court of Common Pleas on four counts of rape. The trial court imposed the jointly recommended sentence of 22 years' incarceration and adjudicated Petitioner as a sexual predator. *See State v. S.E.*, 10th Dist. No. 13AP-325, 2014 WL 504772 (Ohio Ct. App. Feb. 6, 2014). On February 6, 2014, the appellate court affirmed the trial court's judgment. *Id*. Petitioner did not pursue an appeal to the Ohio Supreme Court. On April 9, 2019, he filed a

motion for a delayed appeal. On February 18, 2020, the appellate court denied the motion for a delayed appeal as unavailable, because Petitioner had already perfected his direct appeal as of right. (*Memorandum Decision*, Doc. 8). Petitioner states that, on May 12, 2020, the Ohio Supreme Court declined to accept jurisdiction of the appeal. Referring to *Jimenez v. Quarterman,* 555 U.S. 113 (2009), Petitioner now argues that the one-year statute of limitations did not begin to run until the following day. (*Objection*, Doc. 8, PAGEID # 91.) He objects to the recommendation of dismissal of this action as time-barred.

The Supreme Court's decision in *Jimenez* does not assist the Petitioner. In *Jimenez,* the Supreme Court held:

> [W]here a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet "final" for purposes of 2244(d)(1)(A). In such a case, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal.

*Id*. at 121. These are not the circumstances here. Petitioner perfected a timely appeal. The state appellate court rejected his 2019 motion for a delayed appeal, filed long after the statute of limitations had already expired, as improper, as Petitioner has already had his first appeal as of right. As discussed by the Magistrate Judge, the statute of limitations expired on March 24, 2015. Petitioner waited more than five years and two months, until June 1, 2020, to execute this habeas corpus petition. Plainly, it is untimely. Moreover, the record does not indicate that Petitioner acted diligently in pursuing relief or that some extraordinary circumstance prevented his timely filing so as to warrant application of equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 649 (2010).

For the foregoing reasons and for the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection (Doc. 8) is **OVERRULED**. The Report and Recommendation (Doc. 5) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, ––U.S. ––. ––, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court is not persuaded that reasonable jurists would debate the dismissal of this action as time-barred. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

**IT IS SO ORDERED**.

Date: August 12, 2020

       s/James L. Graham       
**JAMES L. GRAHAM**
**UNITED STATES DISTRICT JUDGE**